```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MALIBU MEDIA, LLC,

               Plaintiff,

vs.                            Case No.  2:12-cv-177-FtM-29DNF

JOHN DOES 1-13,

               Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Reports and Recommendations (Docs. ## 22, 31) recommending that John Doe 3's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #7) and John Doe 11's Special Appearance Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action:  Non-Cumulative Joint and Several Liability; Mixed Law and Equity (Doc. #15) be denied. Defendant John Doe 3 filed an Objection (Doc. #29) on May 8, 2012, and plaintiff filed an Opposition (Doc. #32) on July 5, 2012. Defendant John Doe 11 filed an Objection (Doc. #33) on July 12, 2012, and an Amended Objection (Doc. #35) on July 13, 2012 to address personal jurisdiction arguments.  Also before the Court is John Doe 11's Motion to Strike Pleadings and Motion to Dismiss Party Due to Improper Tactics and Prejudicial Use of this Court's

Report and Recommendation (Doc. #34) filed on July 13, 2012, stating that plaintiff demanded that John Doe 11's internet service provider disclose information as if the Report and Recommendation is a final and operative order.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

In this case, the subpoena served on the third-party internet service provider for John Doe 3 was issued by the United States District Court for the District of New Jersey commanding the production of documents from Comcast Corporation's Legal Demand Center in Moorestown, New Jersey.  (Doc. #7-1.)  The subpoena served on the third-party internet service provider for John Doe 11 was issued by the United States District Court for the Northern District of Texas commanding the production of documents from Verizon Internet Services' Legal Compliance in San Angelo, Texas.  (Doc. #15-2.)  The Middle District of Florida Fort Myers Division

was not the "issuing court" for the subpoenas. Under Federal Rule of Civil Procedure 45,

> On timely motion, the **issuing court** must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(emphasis added).

After conducting an independent examination of the file and upon due consideration of the Reports and Recommendations, the Court will recommit the matter to consider the Court's jurisdiction to entertain the motions. See, e.g., In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991)(the court where action pending lacked jurisdiction to rule on objections to document request in subpoena issued by another district); Chick-Fil-A v. Exxonmobil Corp., No. 08-61422-CIV, 2009 WL 2242392, *1 (S.D. Fla. July 24, 2009)(collecting cases); Falicia v. Advanced Tenant Servs., Inc., 235 F.R.D. 5, 11 (D.D.C. 2006)(court could not issue subpoena requiring production of documents in another state).

Accordingly, it is now

**ORDERED:**

1. The Reports and Recommendations (Docs. ## 22, 31) are **deferred** and the matter is **recommitted** to the Magistrate Judge to address the issue of the Court's jurisdiction to consider the motions to quash filed in this case.

2. Plaintiff shall serve a copy of this Opinion and Order on the internet service provider served with the subpoenas for John Doe 3 and 11.

3. John Doe 11's Motion to Strike Pleadings and Motion to Dismiss Party Due to Improper Tactics and Prejudicial Use of this Court's Report and Recommendation (Doc. #34) is **taken under advisement** pending a response.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of July, 2012.

                                    JOHN E. STEELE
                                    United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties