UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MALIBU MEDIA, LLC,**

       **Plaintiff,**

V.                                      Case No:  2:12-CV-177-FtM-29SPC

**JOHN DOES 1-13,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Defendant John Doe 11's Special Appearance Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (Doc. #15) filed on May 24, 2012.  Plaintiff's Memorandum in Opposition to John Doe 11's Special Appearance Motion to Quash Subpoena, or in the Alternative, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (Doc. #24) filed on June 7, 2012.  Thus, the Motion is now ripe for the Court's review.

      On March 28, 2012, Malibu Media, LLC, a California corporation with its principle place of business in Malibu, California, filed the instant copyright infringement action (Doc. # 1) alleging that each of the 13 John Doe Defendants is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed "The Works," which are 107 movies,

over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 3) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On April 11, 2012, this Court granted Plaintiff's request to take early discovery (Doc. # 4) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action.

John Doe #11 filed the instant motion to dismiss/sever due to improper joinder, undue prejudice, and failure to state a cause of action for injunctive relief; or in the alternative, to quash the subpoena and/or for protective order based upon the same grounds.

### *John Doe #11's Motion to Dismiss*

The Court notes and recommends at the outset that dismissal at this point is not proper. At this point the John Doe Defendants are not yet parties to this lawsuit because they have not

been served with process. Indeed, service may not be made because their true identities are not yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1–5,829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and recommends that a motion to dismiss is premature in this action.[1]

### *John Doe #11's Motion to Quash*

Upon review of the subpoena served on the third-party internet service provider for John Doe #11, the Court notes that the subpoena was issued by the United States District Court for the Northern District of Texas commanding the production of documents from Verizon Internet Services' Legal Compliance in San Angelo, Texas. (Doc. #15-2). The Court notes that the Middle District of Florida Fort Myers Division was not the "issuing court" for the subpoenas. Under Federal Rule of Civil Procedure 45,

> On timely motion, the **issuing court** must quash or modify the subpoena that:
>
> (i) fails to allow a reasonable time to comply;

---

[1] John Doe #11 also argues that the subpoena should be quashed or a protective order issued because the International IP Tracker software relied upon by Plaintiff fails to meet the Daubert standard. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579; Fed. R. Civ. P. 702. The Court recommends that this argument is not properly made at this time and is not a basis to quash the subpoena at issue.

3

    (ii)    requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45©(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)    subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

Because the subpoena issued to John Doe #11's third-party internet service provider was issued out of the United States District Court for the Northern District of Texas (Doc. #15-2), the motion to quash the subpoena should be denied without prejudice, to be refiled in the appropriate Court.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

Defendant John Doe 11 Special Appearance Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order, Motion to Dismiss or Sever Defendants for Improper Joinder, Motion to Dismiss for Failing to State a Cause of Action (Doc. #15) be **DENIED without prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 31st day of July, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record